UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Deere Financial, f.s.b., <br> f/k/a FPC Financial, f.s.b., <br><br>   Plaintiff, <br><br> v. <br><br> Bio-Mass Renewable Technologies, Inc., <br> Jeff Buresh, Jeffrey Littrell, and Holly <br> Littrell, <br><br>   Defendants. | Civil No. 15-31 (DWF/TNL) <br><br><br><br> **ORDER** |

Matthew C. Berger, Esq., and Michael S. Dove, Esq., Gislason & Hunter LLP – New Ulm, counsel for Plaintiff.

Brian F. Eviston, Esq., and Brian J. O'Connell, Esq., Strauss Troy Co., LPA; and Sten-Erik Hoidal, Esq., Fredrikson & Byron, PA; counsel for Defendant Bio-Mass Renewable Technologies, Inc.

Robert J. Shainess, Esq., Capstone Law, LLC, counsel for Defendant Jeff Buresh.

Defendant Jeffrey Littrell, *pro se*.

Defendant Holly Littrell, *pro se*.

This matter is before the Court on the Motion for Sanctions or, in the Alternative, Default Judgment Against Defendants Jeffrey and Holly Littrell (Doc. No. 61) filed by Defendant Bio-Mass Renewable Technologies, Inc. ("BRT"). On October 7, 2016, the Court heard oral argument on the Motion. Counsel for BRT appeared in person, while counsel for Plaintiff John Deere Financial, f.s.b. ("John Deere") and counsel for

Defendant Jeff Buresh ("Buresh") appeared by phone. *Pro se* Defendants Jeffrey Littrell and Holly Littrell (collectively, the "Littrells") did not appear.

Based upon the Memorandum of Law, declarations, and supporting documents filed by BRT; the arguments and representations of counsel at the October 7, 2016 hearing; and the entire record before the Court; the Court hereby finds as follows:

1. On January 7, 2015, John Deere filed this lawsuit against BRT, Buresh (BRT's president), and the Littrells. John Deere's complaint alleged that, among other things, under a contract between John Deere and BRT: (1) BRT owed John Deere $511,150.11, representing the debt owed to John Deere by the Littrells; and (2) BRT owed John Deere $219,015.85, representing debts owed to John Deere by other individuals and entities.

2. BRT filed crossclaims against the Littrells, asserting that the Littrells purchased products from BRT, with financing from John Deere, and subsequently failed to pay John Deere. BRT's crossclaims seek, among other things, indemnification from the Littrells with respect to BRT's alleged liability for the $511,150.11 owed by the Littrells to John Deere.

3. The Littrells also filed crossclaims against both BRT and Buresh.

4. Subsequently, John Deere, BRT, and Buresh entered into a settlement agreement under which John Deere agreed to dismiss its claims against BRT and Buresh, and BRT agreed to pay John Deere $250,000. The settlement did not affect any party's

claims or crossclaims against the Littrells or the Littrells' crossclaims against BRT and Buresh.

5. After BRT served its crossclaims against the Littrells, BRT sought discovery from the Littrells. While the Court and counsel provided the Littrells with multiple opportunities and extensions of time, the Littrells have failed to participate in good faith in discovery, and specifically have failed to serve Rule 26(a)(1) initial disclosures, produce documents, and provide meaningful responses to the interrogatories submitted by BRT.

6. In addition, on July 28, 2016, the Littrells sent a letter to the Court indicating that they do not intend to participate in this case, and further that they understand and accept the consequences of their failure to participate.

7. On August 26, 2016, BRT filed a Motion for Sanctions or, in the Alternative, Default Judgment against the Littrells. In the Motion, BRT requests that the Court: (1) enter a default judgment in the amount of $250,000 against the Littrells as to BRT's crossclaims; and (2) dismiss the Littrells' crossclaims against BRT. The Littrells did not file a response to BRT's Motion.

8. The Court heard oral argument on this matter on October 7, 2016. The Littrells did not appear.

9. At oral argument, the Court inquired about the amount of the judgment requested by BRT. Counsel for BRT explained that it based its request on the $250,000

that BRT agreed to pay John Deere to settle John Deere's claims against it—specifically, John Deere's claim that BRT owed $511,150.11 to John Deere due to the Littrells' debt.

10.Counsel for John Deere agreed, explaining that the $219,015.85 that BRT owed John Deere at the outset of the case had been paid. As such, the $250,000 that BRT agreed to pay John Deere under the parties' settlement agreement related only to the Littrells' debt. In effect, BRT's payment of $250,000 indemnifies John Deere for part of the Littrells' debt to John Deere.

11.The Court also inquired about the parties' views on the effect of a default judgment against the Littrells. Counsel for BRT explained that if the Court entered a default judgment, BRT would attempt to collect the $250,000 judgment from the Littrells and would not pursue the balance of the $511,150.11 that the Littrells allegedly owe to John Deere.

12.Counsel for John Deere stated that John Deere intends to file a motion for summary judgment asserting John Deere's right to recover $511,150.11 from the Littrells. The Court understands that BRT and John Deere jointly intend to recover a total of $511,150.11 from the Littrells. In other words, if BRT collects $250,000 from the Littrells, John Deere would attempt to recover $261,150.11.

13.Counsel for Buresh orally moved to dismiss the Littrells' crossclaims against Buresh.

14.Under Rule 37, if "a party, after being properly served with interrogatories . . . fails to serve its answers, objections, or written response," a court may dismiss an

action in whole or in part or may render a default judgment against the nonresponsive party.  Fed. R. Civ. P. 37(b)(2)(A)(v) and (vi), (d)(1)(A)(ii), (d)(3).  Further, if "a party fails to provide information or identify a witness as required by Rule 26(a)," a court may dismiss an action in whole or in part or may render a default judgment against the nonresponsive party.  Fed. R. Civ. P. 37(b)(2)(A)(v) and (vi), (c)(1).

15. The Littrells have failed to properly respond to BRT's interrogatories, despite ample time and opportunity to do so, and they have failed to serve initial disclosures as required by Rule 26(a).  As such, under Rule 37, dismissal of the Littrells' crossclaims against BRT and Buresh and entry of a default judgment against the Littrells are both appropriate.

16. Under Rule 41, if a crossclaimant "fails to prosecute or to comply with these rules or a court order," a court may dismiss its crossclaims.  Fed. R. Civ. P. 41(b), (c).

17. The Littrells have not prosecuted their crossclaims against BRT and Buresh, and they have indicated their intention to cease participation in this lawsuit.  As such, under Rule 41, dismissal of the Littrells' crossclaims is appropriate.

18. Under Rule 55, a default may be entered against a party that "fail[s] to plead or otherwise defend."  Fed. R. Civ. P. 55(a).  "Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'"  *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

19.     The Littrells have refused to participate in discovery, as required by the Federal Rules of Civil Procedure, and they have indicated their intention to cease any participation in this lawsuit.  This conduct constitutes failure to "otherwise defend" under Rule 55(a) and, accordingly, warrants entry a default judgment against the Littrells.

20.     The Court concludes that Rules 37 and 41 provide grounds for dismissing the Littrells' crossclaims against BRT and Buresh.  Further, Rules 37 and 55 provide grounds for entering a default judgment against the Littrells as to BRT's crossclaims against them.

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Defendant Bio-Mass Renewable Technologies, Inc.'s Motion for Sanctions or, in the Alternative, for Default Judgment (Doc. No. [61]) is **GRANTED**.

2.      The crossclaims asserted by Defendants Jeffrey Littrell and Holly Littrell against Defendants Bio-Mass Renewable Technologies, Inc. and Jeff Buresh (*see* Doc. No. [10]) are **DISMISSED WITH PREJUDICE**.

3.      With respect to Defendant Bio-Mass Renewable Technologies, Inc.'s crossclaims (*see* Doc. No. [18]), Defendant Bio-Mass Renewable Technologies, Inc. is awarded a **DEFAULT JUDGMENT** against Defendants Jeffrey Littrell and Holly Littrell, jointly and severally, in the principal amount of $250,000.  As such, the Court directs entry of a **FINAL JUDGMENT** as to Defendant Bio-Mass Renewable

Technologies, Inc.'s crossclaims only, having determined that there is no just reason for delay.

Dated:  October 11, 2016            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge