UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Deere Financial, f.s.b.,                               Civil No. 15-31 (DWF/TNL)
f/k/a FPC Financial, f.s.b.,

          Plaintiff,

v.                                                          **MEMORANDUM**
                                                                **OPINION AND ORDER**
Bio-Mass Renewable Technologies, Inc.,
Jeff Buresh, and Jeffrey and Holly Littrell,

          Defendants.

_____

Matthew C. Berger, Esq., Michael S. Dove, Esq., and Rick J. Halbur, Esq., Gislason & Hunter LLP, counsel for Plaintiff.

Jeffrey Littrell, *pro se*, and Holly Littrell, *pro se*, Defendants.[1]

_____

# INTRODUCTION

This matter is before the Court on Plaintiff John Deere Financial, f.s.b.'s ("John Deere") Motion for Summary Judgment. (Doc. No. 76.) For the reasons discussed below, the Court grants the motion.

# BACKGROUND

On January 15, 2008, Defendant Bio-Mass Renewable Technologies ("BRT") entered into an agreement with John Deere to become an authorized merchant of John Deere. Defendants Jeffrey Littrell and Jeff Buresh were part-owners of BRT. In

---

[1] The Littrells were represented by Michael M. Sawers of Briggs & Morgan, PA for the limited purpose of responding to post-motion briefing.

addition, Jeffrey and Holly Littrell separately opened farm-plan accounts with John Deere. The farm-plan accounts allowed the Littrells to purchase inventory on credit. Under the Farm Plan Agreement for the Littrells' farm-plan accounts, the Littrells each agreed to pay "all amounts charged by the use of the Account, plus Finance Charges." (Doc. No. 114 ¶ 3, Ex. A (the "Farm Plan Agreements").)[2] The Littrells accepted the terms of the Farm Plan Agreements by any authorized use of the accounts. (*Id.*)

In April and May 2013, the Littrells purchased almost $450,000 worth of inventory through BRT with their farm-plan accounts. (Doc. No. 19-1.) The Littrells never paid those charges. (Doc. No. 79 ("Dunek Aff.") ¶ 4.) John Deere alleges that the Littrells are liable for $511,150.11, which represents the unpaid invoices, plus additional accrued interest, fees and charges through November 17, 2014. (*Id.* ¶ 2.)

On January 7, 2015, John Deere filed suit against BRT, the Littrells, and Jeff Buresh. As relevant here, John Deere brought a claim for breach of contract against the Littrells for their unpaid accounts. John Deere now moves for summary judgment against the Littrells.

## DISCUSSION

**I.    Legal Standard**

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the evidence, and the inferences that may be

---

[2]    While the Littrells had separate accounts, the relevant terms were the same in both agreements. *See* Farm Plan Agreements.

reasonably drawn from the evidence, in the light most favorable to the nonmoving party. *Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009). However, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## II. John Deere is Entitled to Summary Judgment.

The elements of a breach of contract claim are: "'(1) formation of a contract; (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant; and (3) breach of contract by defendant.'" *Watkins Inc. v. Chilkoot Distrib., Inc.*, 719 F.3d 987, 991 (8th Cir. 2013) (quoting *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011)). Here, John Deere has shown that the Littrells each breached their Farm Plan Agreements. The Littrells entered into the Farm Plan Agreements whereby they agreed to pay all charges to their account in exchange for

3

John Deere providing a line of credit. John Deere provided credit for charges to the Littrells' account, but the Littrells failed to pay those charges. Thus, John Deere has shown that the Littrells breached their Farm Plan Agreements.

The Littrells' arguments to the contrary are unpersuasive. First, the Littrells contend that they never agreed to the Farm Plan Agreements. The Littrells, however, have provided no evidence to support this assertion. Moreover, John Deere provided the Littrells' updated financial disclosures for the farm-plan accounts, which show the Littrells acknowledging their accounts. (Doc. No. 106 ("Dunek Supp. Aff.") ¶¶ 3-4, Exs. A & B.) To survive a motion for summary judgment, the non-moving party cannot rely on mere denials. *See Anderson*, 477 U.S. at 256. Without evidence to support their contentions, the Littrells cannot avoid summary judgment by denying the contracts existed.

Similarly, the Littrells argue that BRT racked up the charges and not them. But the Littrells agreed to pay all charges to their accounts. (*See* Farm Plan Agreements.) Thus, the Littrells cannot avoid summary judgment by contending that BRT charged their accounts.

Next, the Court turns to the issue of damages. John Deere contends that the Littrells are jointly and severally liable for the charges even though they each applied for separate accounts. The Farm Plan Agreements provide that co-applicants agree to be held jointly and severally for any charges. John Deere, however, has provided no evidence to show that the Littrells were co-applicants. Indeed, the documents that John Deere did provide show that the Littrells signed only their respective application. (*See*

4

Dunek Supp. Aff." ¶¶ 3-4, Exs. A & B.).  Thus, the Littrells are not jointly and severally liable based on any provision in the Farm Plan Agreements.

In the absence of a contract provision, two defendants can be held jointly and severally liable for breaching separate contracts only if the breaches are "closely related in point of time, to the same person, and it is not reasonably possible to make a division of the damages caused by the separate breaches." *Duluth Superior Erection, Inc. v. Concrete Restorers, Inc.*, 665 N.W.2d 528, 538 (Minn. Ct. App. 2003) (citing *Mike's Fixtures, Inc. v. Bombard's Access Floor Sys., Inc.*, 354 N.W.2d 837, 839 (Minn. App. 984).  Here, the Littrells' charges can be traced to the separate accounts.  John Deere's damages are therefore not indivisible.  Thus, the Court concludes that joint and severally liability is not appropriate.

**ORDER**

Based on the foregoing, and the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (Doc. No. [76]) is **GRANTED**.

2. Plaintiff will submit a proposed order within 14 days of this order dividing the damages between the Littrells' respective accounts.

Dated:  August 29, 2017	<u>s/Donovan W. Frank</u>
	DONOVAN W. FRANK
	United States District Judge